1    FINKELSTEIN & KRINSK LLP
     Jeffrey R. Krinsk, Esq. (SBN 109234)
2    jrk@classactionlaw.com
     Trenton R. Kashima, Esq. (SBN 291405)
3    trk@classactionlaw.com
     550 West C St., Suite 1760
4    San Diego, California 92101
     Telephone: (619) 238-1333
5    Facsimile:  (619) 238-5425

6    *Attorneys for Plaintiff*
     *and the Putative Collective and Class*
7
     Additional Counsel Listed On Signature Page
8

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11   | FELICIA DILLON**,** individually, and on behalf of all others similarly situated, | Case No.: |
     |---|---|
12   | | **COLLECTIVE AND CLASS ACTION** |
     | Plaintiff, | **COMPLAINT FOR DAMAGES,** |
13   | vs. | **RESTITUTION AND INJUNCTIVE** |
     | | **RELIEF** |
14   | BET INFORMATION SYSTEMS, INC., *doing business as* SURVEY.COM**,** | |
     | | (1) Violation of the Fair Credit Reporting Act, |
15   | | 15 U.S.C. § 1681b(b)(2) |
     | Defendant. | |
16   | | (2) Failure to Pay Minimum Wage |
     | | Compensation in violation of Fair Labor |
17   | | Standards Act, 29 U.S.C. § 206; |

18   (3) Failure to Pay Overtime in Violation of
     Fair Labor Standards Act, 29 U.S.C. § 207;
19
     (4) Failure to Pay Minimum Wage
20   Compensation in Violation of California Labor
     Code §§ 1194, 1197, 1197.1, and IWC Wage
21   Orders;

22   (5) Failure to Pay Overtime in Violation of
     California Labor Code §§ 510, 558, 1194 et
23   seq., 1198 and IWC Wage Orders;

24   (6) Failure to Reimburse Business Expenses in
     Violation of California Labor Code § 2802;
25
     (7) Failure to Provide and/or Authorize Meal
26   and Rest Periods / Unpaid Wages in Violation
     of California Labor Code §§ 226.7, 512, and
27   558, and IWC Wage Orders;

28   (8) Failure to Pay Earned Wages Upon

---

1    Discharge, Waiting Time Penalties in
      Violation of Labor Code §§ 201-203;

2
      (9) Failure to Provide Suitable Seats in
3     Violation of IWC Wage Orders;

4     (10) Unlawful and/or Unfair Business
      Practices in Violation of California Business
5     and Professions Code § 17200, et seq.

6     **DEMAND FOR JURY TRIAL**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Felicia Dillon, on behalf of herself and on behalf of all others similarly situated, alleges against Defendant BET Information Systems, Inc., doing business as Survey.com, as follows:

## I.    PRELIMINARY STATEMENT

1.    This collective and class action seeks relief from Defendant's willful misclassification of its Merchandisers as independent contractors, resulting in Defendant's violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681a *et seq*., the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., the California Labor Code, and California Industrial Welfare Commission Order Regulating Wages, Hours, and Working Conditions in the Professional, Technical, Clerical, Mechanical and Similar Occupations ("IWC Order 4-2001").

2.    Defendant BET Information Systems, Inc., doing business as Survey.com, provides on-demand merchandising services to third party retailers throughout the country. Defendant operates a mobile app through which its Merchandisers can receive schedules and assignments, report their progress, and track their compensation from Defendant, which is transferred to them via PayPal and consists entirely of a fixed piece rate for each project completed. Defendant also exercises significant oversight, direction, and control over Merchandisers' work.

3.    Defendant procured background checks regarding Plaintiff and all other Merchandisers before permitting them to perform projects. These background checks were for "employment purposes," and thus subject to the FCRA, which provides in relevant part that a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. *See* 15 U.S.C. § 1681b(b)(2).

4.    Defendant further violated the FLSA and the California Labor Code by unlawfully denying Merchandisers overtime compensation, minimum wage payments, meal and rest breaks,

reimbursement for business expenditures incurred and required by their jobs, and other payments consistent with the requirements of California wage and hour laws.

5.     As Merchandisers, Plaintiff Dillon and the putative class and collective action members are and were non-exempt employees under federal and state wage and hour laws, and should have been classified as such and received overtime and minimum wage pay, premiums and itemized wage statements, and reimbursement for all necessary business expenses consistent with the requirements of these laws. These employees are similarly situated under Federal Rule of Civil Procedure 23 and the FLSA. *See* 29 U.S.C. § 216(b).

6.     The FCRA Class is made of all persons who applied to work, who did work, or who work for Defendant as Merchandisers and any other employees performing the same or similar duties for Defendant, within the United States, at any time from five years prior to the filing of this Complaint to the final disposition of this case (the "FCRA Class Period").

7.     The Collective Class is made of all persons who work or worked for Defendant as Merchandisers and any other employees performing the same or similar duties for Defendant, within the United States, at any time from three years prior to the filing of this Complaint to the final disposition of this case (the "Collective Class Period").

8.     The California Class is made up of all persons who worked for Defendant in the State of California in the last four years through the final disposition of this case as Merchandisers and similar or related positions (the "California Class Period").

9.     The California Waiting Time Penalties Subclass is made up of all California Class members who no longer work for Defendant and have not worked for Defendant for more than 72 hours within three years prior to this action's filing date through the final disposition of this action.

10.     Plaintiff seeks relief for the FCRA Class pursuant to 15 U.S.C. § 1681n, in the amount of $1,000 in statutory for each class member, plus punitive damages.

11.     Plaintiff seeks relief for the Collective Class pursuant to the Fair Labor Standards Act to remedy Defendant's failure to pay the appropriate overtime and minimum wage compensation, in addition to restitutionary relief.

12.     Plaintiff seeks relief for the California Class (and each Subclass) pursuant to

applicable state law, rules, regulations, and Wage Order 4-2001 of the Industrial Welfare Commission ("IWC"). The relief sought is to remedy Defendant's failure to: pay appropriate overtime and minimum wage compensation; provide or authorize meal and rest periods or pay meal and rest period premium wages; provide lawful itemized wage statements; reimburse all necessary business expenses; pay waiting time penalties; maintain accurate time records; and correct all of the foregoing deficiencies, in addition to restitutionary and injunctive relief.

## II.    THE PARTIES

13.    Individual and Representative Plaintiff Felicia Dillon is a resident of California. She was classified as an independent contractor by Defendant in January 2018 to July 2018. She worked for Defendant as a Merchandiser in various third party retail stores in California. Plaintiff Dillon brings her claims on behalf of herself and the FCRA Class, the Collective Class, and California Classes.

14.    Defendant BET Information Systems, Inc. is a corporation organized under the laws of Delaware, with a principal business office located at 1 Beacon Street, 15th Floor, Boston, MA 02108. Defendant also has offices in San Francisco, CA, Portland, OR, and Charlotte, NC.

## III.    JURISDICTION AND VENUE

15.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this case is brought under the FCRA and FLSA.

16.    This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

17.    This Court also has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1332(a) because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.

18.     This Court also has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1332(d) because members of the class and Defendant are citizens of different states and the amount in controversy exceeds $5,000,000.

19.    Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b)(1) and (2), because Defendant resides in this district and

because a substantial part of the events giving rise to the claims set forth herein occurred in this district.

## IV.    GENERAL ALLEGATIONS

20.    Plaintiff worked for Defendant from January 2018 to July 2018.

21.    Plaintiff and similarly situated Class Members worked for Defendant as Merchandisers, and at all relevant times, were subject to the policies and practices alleged herein.

22.    Merchandisers' job duties include entering information about products and/or promotional displays, restocking store shelves and coolers, building, arranging, and disassembling promotional displays, and performing product demonstrations.

23.    Defendant willfully misclassified Plaintiff and other Merchandisers as independent contractors.

24.    Merchandisers are not free from Defendant's control or directions in connection with the performance of their work.

25.    Merchandisers' work is not outside the usual course of Defendant's business.

26.    Merchandisers are not customarily engaged in an independently established trade, occupation, or business of the same nature as the work performed for Defendant.

27.    Merchandisers do not have the opportunity to use independent business judgment to realize profits or losses associated with their work.

28.    Merchandisers are required to undergo a background check in order to work for Defendant.

29.    The background checks Defendant procures with respect to Merchandisers are "consumer reports" within the meaning of the FCRA.

30.    Defendant has no policy of providing Merchandisers with a clear and conspicuous disclosure in writing, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes.

31.    Defendant has no policy of obtaining authorization in writing from Merchandisers prior to procuring their background checks.

32.    Defendant deprives Merchandisers of overtime, minimum wage compensation, meal

and rest period premiums, and other compensation, as well as reimbursement for all necessary business expenses, by virtue of misclassifying them as independent contractors (among other standard employee protections such as workers compensation coverage, unemployment insurance coverage, payroll taxes, etc.).

33. Defendant pays Merchandisers on a piece-rate basis consisting of a fixed amount based on each project they complete.

34. Aside from their piece-rate compensation for completion of projects, Merchandisers do not receive any separate compensation for the hours they spend on other compensable activities, including but not limited to driving between projects, and taking short rest periods.

35. Merchandisers do not receive any additional or premium compensation on account of working overtime hours.

36. Merchandisers incur work-related expenses including but not limited to gas and mileage expenses for time spent driving between work locations, and purchases of equipment such as folding tables, table cloths, and ice buckets, but receives no reimbursement from Defendant for such expenses.

37. Defendant has no policy to provide an uninterrupted, thirty-minute meal period to Merchandisers who work more than five hours, or a second thirty-minute meal period to Merchandisers who work more than ten hours in a day. Merchandisers regularly work days without receiving a duty-free meal period.

38. Defendant has no policy to make available a ten-minute rest period to Merchandisers who work more than 3.5 hours, or a second ten-minute break after six hours. Merchandisers regularly work days without receiving a duty-free ten-minute rest break.

39. Upon information and belief, Defendant has never paid a single meal or rest period premium for missed meal or rest periods, as required under California Labor Code section 226.7 and IWC Wage Order 4-2001.

40. Upon information and belief, Plaintiff Dillon and similarly situated Class Members never signed valid meal period waivers.

41. Merchandisers are paid via PayPal transfers from Defendant that are logged in

Defendant's mobile app. Merchandisers do not receive itemized wage statements showing their total hours worked, their applicable piece rates, their name, or Defendant's legal name.

42.     Although Merchandisers perform a significant amount of their work at tables or in other stationary settings, Defendant does not provide them with any seats.

43.     As a result of Defendant misclassifying the Class Members as "independent contractors," Defendant has willfully and knowingly failed to pay Plaintiff Dillon, and similarly situated Class Members, upon termination of employment, all accrued compensation, including repayment of all unlawful deductions from wages, payment of missed meal and rest period compensation, and payment of overtime and minimum wage compensation.

## V.     FCRA CLASS ALLEGATIONS

44.     Plaintiff Dillon brings all claims alleged herein under the FCRA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP") on behalf of all persons who worked in during the FCRA Class Period. Plaintiff Dillon seek to pursue her claims on behalf of the following defined class:

> **FCRA Class:** All persons who applied to work, who did work, or who work for Defendant as Merchandisers and any other employees performing the same or similar duties for Defendant, within the United States, at any time from five years prior to the filing of this Complaint to the final disposition of this case

45.     <u>Numerosity</u>: The Proposed FCRA Class is so numerous that joinder of all members is impracticable. Plaintiff Dillon is informed and believes, and on that basis alleges, that during the relevant time period, Defendant employed thousands of Merchandisers who are geographically dispersed and who satisfy the definition of the FCRA Class. The names and addresses of the FCRA Class Members are available to the Defendant. Notice can be provided to FCRA Class members via first-class mail and/or e-mail using techniques and a form of notice similar to those customarily used in class action lawsuits of this nature.

46.     <u>Typicality</u>: Plaintiff Dillon's claims are typical of the FCRA Class Members. Plaintiff Dillon, like other FCRA Class Members, was subjected to Defendant's common, unlawful policies, practices, and procedures. The claims of Plaintiff Dillon are typical of the claims of the

FCRA Class Members whose contracts misclassified them as independent contractors. Defendant's common course of unlawful conduct has caused Plaintiff Dillon and similarly situated FCRA Class Members to sustain the same or similar injuries and damages caused by the same practices of Defendant including invasion of their privacy by means of Defendant obtaining information in their background checks without their knowledge or consent, and information injuries resulting from being deprived of knowledge that their background checks were being procured by Defendant. Plaintiff's claims are thereby representative of and co-extensive with the claims of the FCRA Class Members.

47.    <u>Commonality for the Class</u>: There are questions of law and fact common to Plaintiff Dillon and the FCRA Class Members that predominate over any questions affecting only individual members of the class. These common questions of law and fact include, without limitation:

(a)    Whether the background checks Defendant procured with respect to Merchandisers are "consumer report" within the meaning of the FCRA;

(b)    Whether the background checks Defendant procures with respect to Merchandisers are for "employment purposes" within the meaning of the FCRA.

(c)    Whether Defendant has a policy of providing Merchandisers with a clear and conspicuous disclosure in writing, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes.

(d)    Whether Defendant has a policy of obtaining authorization in writing from Merchandisers prior to procuring their background checks.

48.    <u>Adequacy</u>: Plaintiff Dillon is a member of the FCRA Class, does not have any conflicts of interest with other FCRA Class Members, and will prosecute the case vigorously on behalf of the FCRA Class. Plaintiff Dillon will fairly and adequately protect the interests of the FCRA Class Members. Plaintiff Dillon has retained counsel competent and experienced in complex class actions, including claims under the FCRA.

49.    <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of claims for statutory damages where individual Plaintiffs lack the financial incentive to vigorously prosecute separate lawsuits in

federal court against large corporate defendants, and fear retaliation and blackballing in their industry. Prosecuting dozens of identical individual lawsuits statewide does not promote judicial efficiency, equity, or consistency in judicial results.

50.     This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

51.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed FCRA Class predominate over any questions affecting only individual members of the Proposed FCRA Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the Proposed FCRA Class their statutory rights under the FCRA to know that Defendant was procuring their consumer reports and to deny authorization for Defendant to do so. The damages suffered by the individual Proposed FCRA Class members are small compared to the expense and burden of individual prosecution of this litigation especially in light of the minimum wage claims asserted on behalf of the Proposed FCRA Class. Proposed FCRA Class members fear workplace retaliation and being "blackballed" from obtaining future employment. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

52.     Plaintiff intends to send notice to all members of the Proposed FCRA Class to the extent required by Rule 23. The names, e-mail addresses, and mailing addresses of the members of the Proposed FCRA Class are available from Defendant.

## VI.    COLLECTIVE ACTION ALLEGATIONS

53.     Plaintiff Dillon brings this action on behalf of herself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

**Collective Class:** All persons who work or worked for Defendant as Merchandisers and any other employees performing the same or similar duties for Defendant, within the United States, at any time from three years prior to the filing of this Complaint to the final disposition of this case.

54. The primary job duties of Plaintiff and members of the Collective Class included entering information about products and/or promotional displays, restocking store shelves and coolers, building, arranging, and disassembling promotional displays, and performing product demonstrations.

55. Upon information and belief, Defendant suffered and permitted Plaintiff Dillon and the Collective Class to work more than forty hours per week without overtime or minimum wage compensation.

56. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff Dillon and the Collective Class.

57. Defendant is liable under the FLSA for failing to properly compensate Plaintiff Dillon and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendant who have been denied overtime and minimum wage pay in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

**VII.   CALIFORNIA CLASS ACTION ALLEGATIONS**

58. Plaintiff Dillon alleges and incorporates by reference the allegations in the preceding paragraphs.

59. Plaintiff Dillon brings all claims alleged herein under California law as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP") on behalf of all persons who worked in California during the Class Period. Plaintiff Dillon seek to pursue her claims on behalf of the following defined class and subclass:

**California Class:** All persons who worked for Defendant in the State of California in the

COLLECTIVE AND CLASS ACTION COMPLAINT

last four years through the final disposition of this case as Merchandisers and similar or related positions.

**Waiting Time Penalties Subclass:** All California Class members who no longer work for Defendant and have not worked for Defendant for more than 72 hours within three years prior to this action's filing date through the final disposition of this action.

60.    Numerosity: The Proposed California Class and Subclass are so numerous that joinder of all members is impracticable. Plaintiff Dillon is informed and believes, and on that basis alleges, that during the relevant time period, Defendant employed hundreds of Merchandisers who are geographically dispersed and who satisfy the definition of the California Class Members and the Subclass. The names and addresses of the California Class Members are available to the Defendant. Notice can be provided to California Class members via first-class mail and/or e-mail using techniques and a form of notice similar to those customarily used in class action lawsuits of this nature.

61.    Typicality: Plaintiff Dillon's claims are typical of the California Class Members and each of the Subclass Members. Plaintiff Dillon, like other California Class Members and Subclass Members, was subjected to Defendant's common, unlawful policies, practices, and procedures. The claims of Plaintiff Dillon are typical of the claims of the California Class Members and Subclass Members who Defendant misclassified as independent contractors. Defendant's common course of unlawful conduct has caused Plaintiff Dillon and similarly situated California Class Members (and where applicable, Subclass Members), to sustain the same or similar injuries and damages caused by the same practices of Defendant including not receiving overtime and minimum wage compensation, meal and rest breaks, accurate wage statements, reimbursements for all necessary business expenses, all wages due upon termination, and similar compensation provided by state and federal wage law. Plaintiff's claims are thereby representative of and co-extensive with the claims of the California Class Members and the Subclass Members.

62.    Plaintiff Dillon is typical of the proposed Waiting Time Penalties Subclass, in that she no longer works for Defendant, has not worked for Defendant for more than 72 hours, and is owed unpaid minimum wage and overtime compensation, meal and rest break premiums, and

reimbursement for business expenses.

63.   Adequacy: Plaintiff Dillon is a member of the California Class and each of the Subclass, does not have any conflicts of interest with other California Class Members or Subclass Members, and will prosecute the case vigorously on behalf of the California Class and Subclass. Plaintiff Dillon will fairly and adequately protect the interests of the California Class Members and Subclass Members. Plaintiff Dillon has retained counsel competent and experienced in complex class actions, and federal and California wage and hour litigation.

64.   Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants, and fear retaliation and blackballing in their industry. Prosecuting dozens of identical individual lawsuits statewide does not promote judicial efficiency, equity, or consistency in judicial results.

65.   Commonality for the Class: There are questions of law and fact common to Plaintiff Dillon and the California Class Members that predominate over any questions affecting only individual members of the class. These common questions of law and fact include, without limitation:

(a)   Whether Defendant maintained a policy or practice of misclassifying its employees as independent contractors, thereby failing to comply with federal and California overtime and minimum wage pay and other wage and hour requirements;

(b)   Whether Defendant has employed California Class Members in a position subject to, and not exempt from, federal and California overtime and minimum wage pay and other wage and hour requirements;

(c)   Whether the California Class Members have necessarily incurred employment-related expenses and losses in carrying out their duties for Defendant;

(d)   Whether Defendant has failed to properly indemnify California Class Members for their necessary employment-related expenses and losses in violation of California Labor Code section 2802;

(e)    Whether Defendant's failure to properly indemnify California Class Members for their necessary employment-related expenses and losses constitutes an unlawful, unfair, and/or fraudulent business practice under California Business & Professions Code section 17200 et seq.;

(f)    Whether Defendant failed to make available to California Class Members adequate off-duty meal periods, and failed to pay premiums for missed meal periods in violation of California Labor Code sections 226.7 and 512 and IWC Wage Order 4-2001;

(g)    Whether Defendant's failure to make available to California Class Members adequate off-duty meal periods, and failure to pay meal period premiums for missed meal periods constitutes an unlawful, unfair, and/or fraudulent business practice under California Business & Professions Code section 17200 et seq.;

(h)    Whether Defendant unlawfully failed to provide timely ten-minute rest breaks to Plaintiff Dillon and California Class Members in violation of California Labor Code section 226.7, and IWC Wage Order 4-2001, and pay premiums when such breaks were missed;

(i)    Whether Defendant's failure to provide California Class Members with adequate rest periods, and failure to pay rest period premiums for missed rest periods constitutes an unlawful, unfair, and/or fraudulent business practice under California Business & Professions Code section 17200 et seq.;

(j)    Whether Defendant has required, encouraged, or permitted California Class Members to work in excess of 40 hours per week and/or eight hours per day;

(k)    Whether Defendant knew or should have known that its California Class Members regularly worked over 40 hours per week and/or eight hours per day;

(l)    Whether Defendant has failed to pay its California Class Members overtime wages for time worked in excess of 40 hours per week and/or eight hours per day;

(m)    Whether Defendant has violated IWC Wage Order 4-2001 and California Labor Code sections 510 and 1194 by their failure to pay California Class Members overtime compensation;

(n)    Whether Defendant's failure to pay overtime compensation to California Class

Members constitutes and unlawful, unfair, and/or fraudulent business practice under California Business & Professions Code section 17200 et seq.;

(o)    Whether Defendant has knowingly and intentionally failed to provide California Class Members with an itemized statement showing total hours worked with each payment of wages, as required by California Labor Code section 226 and IWC Wage Order 4-2001;

(p)    Whether Defendant's failure to provide an itemized statement showing total hours worked with each payment of wages constitutes an unlawful, unfair, and/or fraudulent business practice under California Business & Professions Code section 17200 et seq.;

(q)    Whether Defendant has violated California Labor Code section 1174 and IWC Wage Order 4-2001 by failing to maintain documentation of the actual hours worked each day by California Class Members;

(r)    Whether Defendant's failure to maintain documentation of the actual hours worked each day by California Class Members constitutes an unlawful, unfair, and/or fraudulent business practice under California Business & Professions Code section 17200 et seq.;

(s)    Whether Defendant has violated Labor Code sections 201-203 by failing to timely pay overtime wages to California Class members;

(t)    Whether Defendant's failure to pay all compensation owed to California Class Members at the time of termination of employment constituted an unlawful, unfair, and/or fraudulent business practice under Business & Professions Code section 17200 et seq.;

(u)    Whether Defendant's actions were willful;

(v)    Whether Defendant engaged in a pattern and practice of misclassifying employees;

(w)    The proper formula for calculating restitution, damages, and waiting time and other statutory penalties owed to Plaintiff Dillon and the California Class alleged herein.

66.    <u>Commonality for the proposed Waiting Time Penalties Subclass</u>: Common questions of law and fact exist as to all members of the Subclass, and predominate over any questions solely affecting individual members of that Subclass, including but not limited to:

Whether Defendant has violated Labor Code sections 201-202 by failing, upon Plaintiff Dillon's and the Proposed Class Members' termination or quitting, to timely pay wages that

1    were due for overtime and minimum wage compensation, and missed meal and rest periods.

2       67.    Plaintiff Dillon and the California Class routinely were unable to take lawful meal

3    and rest breaks.

4       68.    This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because

5    prosecution of actions by or against individual members of the class would result in inconsistent or

6    varying adjudications and create the risk of incompatible standards of conduct for Defendant.

7    Further, adjudication of each individual member's claim as a separate action would be dispositive

8    of the interest of other individuals not party to this action, impeding their ability to protect their

9    interests.

10      69.    Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because

11   questions of law and fact common to the Proposed California Class (and the Proposed California

12   Subclass) predominate over any questions affecting only individual members of the Proposed

13   California Class (and Subclass), and because a class action is superior to other available methods

14   for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies

15   and practices denied the Proposed California Class members the minimum wage, overtime pay,

16   reimbursements, and other compensation to which they are entitled. The damages suffered by the

17   individual Proposed California Class members are small compared to the expense and burden of

18   individual prosecution of this litigation especially in light of the minimum wage claims asserted on

19   behalf of the Proposed California Class. Proposed California Class members fear workplace

20   retaliation and being "blackballed" from obtaining future employment. In addition, class

21   certification is superior because it will obviate the need for unduly duplicative litigation that might

22   result in inconsistent judgments about Defendant's practices.

23      70.    Plaintiffs intend to send notice to all members of the Proposed California Class (and

24   each Subclass) to the extent required by Rule 23. The names, e-mail addresses, and mailing

25   addresses of the members of the Proposed California Class (and Subclass) are available from

26   Defendant.

27   / / /

28   / / /

1
2

## FIRST CAUSE OF ACTION
### Violation of the FCRA, 15 U.S.C. § 1681b(b)(2)
### (On Behalf of Plaintiff Dillon and the FCRA Class)

3
4

71.     Plaintiff Dillon, on behalf of herself and the collective class, alleges and incorporates by reference the allegations in the preceding paragraphs.

5
6
7
8
9

72.     Defendant procured consumer reports, as defined by the FCRA, on Plaintiff and other FCRA Class members. These reports were procured for employment purposes without Plaintiff or any class members being provided a clear and conspicuous disclosure made in writing, in a document consisting solely of the disclosure, that a consumer report may be obtained for employment purposes in violation of 15 U.S.C. § 1681b(b)(2)(A)(i).

10
11
12

73.     The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of their obligations and the rights of Plaintiff and other FCRA Class members under 15 U.S.C. § 1681b(b)(2)(A)(i).

13
14
15
16
17
18

74.     Defendant's common course of unlawful conduct has caused Plaintiff Dillon and similarly situated FCRA Class Members to sustain the same or similar injuries and damages caused by the same practices of Defendant including invasion of their privacy by means of Defendant obtaining information in their background checks without their knowledge or consent, and information injuries resulting from being deprived of knowledge that their background checks were being procured by Defendant.

19
20
21

75.     Plaintiff and the FCRA Class are entitled to actual damages or statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

22
23

76.     Plaintiff and the FCRA Class are entitled to such amount of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2).

24
25

77.     Plaintiff and the FCRA Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

26
27

## SECOND CAUSE OF ACTION
### Failure to Pay Minimum Wage Compensation in violation of FLSA, 29 U.S.C. § 206
### (On Behalf of Plaintiff Dillon and the Collective Class)

28

78.     Plaintiff Dillon, on behalf of herself and the collective class, alleges and

17

incorporates by reference the allegations in the preceding paragraphs.

79.     Plaintiff Dillon consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216 (b).

80.     At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

81.     At all relevant times, upon information and belief, Defendant has had gross operating revenues in excess of $500,000.

82.     The FLSA, 29 U.S.C. § 206, requires each covered employer, such as Defendant, to compensate all non-exempt employees at a rate of not less than $7.25 an hour for all hours worked. Pursuant to 29 U.S.C. § 203(g), "hours worked" includes all hours Merchandisers were and are suffered or permitted to work.

83.     During their employment with Defendant, within the applicable statute of limitations, Plaintiff Dillon and the other Collective Class members performed work for Defendant, often in excess of forty hours per workweek. Despite the hours worked by Plaintiff Dillon and the Collective Class members, Defendant willfully, in bad faith, and in knowing violation of the FLSA, failed and refused to pay them the appropriate minimum wage compensation for all hours worked.

84.     As a result of Defendant's willful and unlawful conduct, Plaintiff Dillon and the Collective Class have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wage compensation wages for all hours worked.

85.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff Dillon and the Collective Class, Defendant has failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 et seq.

86.     Pursuant to 29 U.S.C. §§ 206 and 216(b), Plaintiff Dillon and the Collective Class are entitled to recover the full amount of unpaid minimum wage compensation, liquidated damages, interest thereon, reasonable attorneys' fees and costs of suit.

87.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a). Because Defendant willfully violated the FLSA, a three-

year state of limitations applies to such violations.

## THIRD CAUSE OF ACTION
### Failure to Pay Overtime Compensation in Violation of the FLSA, 29 U.S.C. § 207
### (On Behalf of Plaintiff Dillon and the Collective Class)

88.     Plaintiff Dillon, on behalf of herself and the collective class, alleges and incorporates by reference the allegations in the preceding paragraphs.

89.     Plaintiff Dillon consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216 (b).

90.     At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant employed employees, including Plaintiff Dillon and the Collective Class. At all relevant times, upon information and belief, Defendant has had gross operating revenues in excess of $500,000.

91.     The FLSA, 29 U.S.C. § 207, requires each covered employer, such as Defendant, to compensate all non-exempt employees at a rate of not less than one-and-one-half times the regular rate of pay for work performed in excess of forty hours per work week. Pursuant to 29 U.S.C. § 203(g), "hours worked" includes all hours Merchandisers were and are suffered or permitted to work.

92.     When they worked at Defendant, within the applicable statute of limitations, Plaintiff Dillon and the other Collective Class members worked in excess of forty hours per workweek. Despite the hours worked by Plaintiff Dillon and the Collective Class members, Defendant willfully, in bad faith, and in knowing violation of the FLSA, failed and refused to pay them the appropriate overtime compensation for all hours worked in excess of forty.

93.     As a result of Defendant's willful and unlawful conduct, Plaintiff Dillon and the Collective Class have suffered damages in an amount, subject to proof, to the extent they were not paid overtime wages for all hours actually worked in excess of forty hours per week.

94.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff Dillon and the Collective Class, Defendant has failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other

1 | conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 et seq.

2 | 95. Pursuant to 29 U.S.C. §§ 207(a)(1) and 216(b), Plaintiff Dillon and the Collective

3 | Class are entitled to recover the full amount of unpaid overtime compensation, liquidated damages,

4 | interest thereon, reasonable attorneys' fees and costs of suit.

5 | 96. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA,

6 | within the meaning of 29 U.S.C. § 255(a). Because Defendant willfully violated the FLSA, a three-

7 | year state of limitations applies to such violations.

8 | **FOURTH CAUSE OF ACTION**

9 | **Failure to Pay Minimum Wage Compensation California Labor Code §§ 1194, 1197, 1197.1;**
**California IWC Wage Order 4-2001**

10 | **(On Behalf of Plaintiff Dillon and the Proposed California Class)**

11 | 97. Plaintiff Dillon incorporates by reference in this cause of action each allegation of

12 | the preceding paragraphs as though fully set forth herein.

13 | 98. Defendant employed Plaintiff Dillon and the California Class.

14 | 99. Plaintiff Dillon and the California Class were not free from Defendant's control or

15 | directions in connection with the performance of their work.

16 | 100. The work performed by Plaintiff Dillon and the California Class was not outside the

17 | usual course of Defendant's business.

18 | 101. Plaintiff Dillon and the California Class were not customarily engaged in an

19 | independently established trade, occupation, or business of the same nature as the work performed

20 | for Defendant.

21 | 102. Defendant violated the minimum wage provisions of the California Labor Code and

22 | IWC Order 4-2001 by compensating Plaintiff and members of the California Class solely via piece

23 | rate for completing projects, without providing any separate compensation for the hours they spent

24 | on other compensable activities, including but not limited to driving between projects, and taking

25 | short rest periods.

26 | 103. Defendant further violated IWC Order 4-2001 by failing to pay Plaintiff and other

27 | California Class members an additional hour of compensation for instances in which their work

28 | schedules were interrupted by non-paid non-working periods established by Defendant, other than

bona fide rest or meal periods, and by failing to pay them at least two hours at their regular rate of pay for each workday in which they were required to report for work and did report, but worked for less than half of their usual or scheduled day's work.

104.   By failing to pay minimum wage compensation to Plaintiff Dillon and similarly situated California Class Members as alleged above, Defendant has violated California Labor Code sections 1194, 1197, 1197.1 and IWC Wage Order 4-2001, which require minimum wage compensation for non-exempt employees.

105.   By failing to maintain adequate time records as required by California Labor Code section 1174(d) and IWC Wage Order 4-2001, Defendant has made it difficult to calculate the minimum wage due to Plaintiff Dillon and similarly situated California Class Members.

106.   As a result of Defendant's unlawful acts, Plaintiff Dillon and similarly situated California Class Members have been deprived of minimum wage compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, under California Labor Code section 1194.

### FIFTH CAUSE OF ACTION
**Failure to Pay Overtime Compensation (California Labor Code §§ 510, 558, 1194, and 1198; California IWC Wage Order 4-2001)**
**(On Behalf of Plaintiff Dillon and the Proposed California Class)**

107.   Plaintiff Dillon incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

108.   By failing to pay overtime compensation to Plaintiff Dillon and similarly situated California Class Members as alleged above, Defendant has violated California Labor Code section 510 and IWC Wage Order 4-2001, which require overtime compensation for non-exempt employees.

109.   By failing to maintain adequate time records as required by California Labor Code section 1174(d) and IWC Wage Order 4-2001, Defendant has made it difficult to calculate the overtime due to Plaintiff Dillon and similarly situated California Class Members.

110.   As a result of Defendant's unlawful acts; Plaintiff Dillon and similarly situated California Class Members have been deprived of overtime compensation in an amount to be

determined at trial, and are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, under California Labor Code section 1194.

### SIXTH CAUSE OF ACTION
**Failure to Provide Reimbursement of Business Expenses (California Labor Code § 2802)**
**(On Behalf of Plaintiff Dillon and the Proposed California Class)**

111.    Plaintiff Dillon incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

112.    Defendant is an "employer" within the meaning of § 2802.

113.    While acting on the direct instruction of Defendant and discharging their duties for them, Plaintiff Dillon and similarly situated California Class Members incurred work-related expenses which Defendant, as a matter of policy, did not reimburse.

114.    Defendant also failed to compensate Plaintiff Dillon and similarly situated California Class Members for all expenses reasonably related to traveling between third-party retailer locations to conduct demonstrations.

115.    Plaintiff Dillon and California Class Members incurred these substantial expenses and losses as a direct result of performing their job duties for Defendant.

116.    By requiring Plaintiff Dillon and similarly situated California Class Members to pay expenses and cover losses that they incurred in direct consequence of the discharge of their duties for Defendant and/or in obedience of Defendant's direction without properly indemnifying for these losses, Defendant has violated California Labor Code section 2802.

117.    By unlawfully and failing to pay Plaintiff Dillon and California Class Members, Defendant is also liable for reasonable attorneys' fees and costs under Labor Code section 2802(c).

118.    As a direct and proximate result of Defendant's conduct, Plaintiff Dillon and similarly situated California Class Members have suffered substantial losses according to proof, as well as pre-judgment interest, costs, and attorneys' fees for the prosecution of this action.

### SEVENTH CAUSE OF ACTION
**Failure to Provide Meal Periods and Rest Breaks**
**(California Labor Code §§ 226.7, 512, 558; California IWC Wage Order 4-2001)**
**(On Behalf of Plaintiff Dillon and the Proposed California Class)**

119.    Plaintiff Dillon incorporates by reference in this cause of action each allegation of

the preceding paragraphs as though fully set forth herein.

120. Plaintiff Dillon and California Class Members regularly worked in excess of five (5) hours a day without being afforded at least a half-hour uninterrupted meal period in which they were relieved of all duties, as required by California Labor Code sections 226.7 and 512 and IWC Wage Order 4-2001.

121. Plaintiff Dillon and California Class Members have regularly worked in excess of ten (10) hours a day without being afforded a second half-hour uninterrupted meal period in which they were relieved of all duties, as required by California Labor Code sections 226.7 and 512 and IWC Wage Order 4-2001.

122. Because Defendant failed to afford proper meal periods, it is liable to Plaintiff Dillon and California Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to California Labor Code section 226.7 and IWC Wage Order 4-2001.

123. Plaintiff Dillon and California Class Members regularly worked more than three and one-half hours in a day without being authorized and permitted to take a 10-minute rest period in which they were relieved of all duties, and regularly worked more than six hours in a day without being authorized and permitted to take two, 10-minute rest periods in which they were relieved of all duties per four hours or major fraction thereof, as required under California Labor Code section 226.7 and IWC Wage Order 4-2001. Plaintiff Dillon and California Class Members have regularly worked in excess of 10 hours without being authorized and permitted to take additional 10-minute rest periods in which they were relieved of all duties,

124. Because Defendant failed to afford proper rest periods, it is liable to Plaintiff Dillon and California Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not provided, pursuant to California Labor Code section 226.7(b) and IWC Wage Order 4-2001.

125. Defendant's failure to pay meal and rest period premiums was done willfully, in bad faith, in knowing violation of the California Labor Code and the IWC Wage Order.

126. By violating California Labor Code sections 226.7 and 512, and IWC Wage Order

4-2001, Defendant is also liable for reasonable attorneys' fees and costs for enforcing the public interest underpinning the aforementioned Labor Code provisions, under California Code of Civil Procedure section 1021.5.

## EIGHTH CAUSE OF ACTION
### Late Pay and Waiting Time Penalties (California Labor Code §§ 201-203)
### (On Behalf of Plaintiff Dillon and the Waiting Time Penalties Subclass)

127.   Plaintiff Dillon on behalf of herself and the Waiting Time Penalties Subclass alleges and incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

128.   Defendant directly or indirectly control the pay of Plaintiff Dillon and the Waiting Time Penalties Subclass. Defendant is responsible for making prompt payments to Plaintiff Dillon and the Waiting Time Penalties Subclass.

129.   California Labor Code sections 201 and 202 require an employer to pay its employees all wages due within the time specified by law. Labor Code section 203 provides that if an employer willfully fails to pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

130.   Plaintiff Dillon and Subclass Members who ceased employment with Defendant is entitled to unpaid compensation, but to date have not received such compensation, more than 72 hours after the cessation of their employment.

131.   Defendant failed to pay the earned and unpaid wages of all Plaintiff Dillon within 30 days from the time such wages should have been paid under Labor Code sections 201 and 202.

132.   Defendant willfully failed to timely compensate Plaintiff Dillon and Subclass Members for all hours worked. As a result, Defendant is liable to Plaintiff Dillon and Subclass Members whose employment ended during the Class Period for waiting time penalties, together with interest thereon and reasonable attorneys' fees and costs, under California Labor Code section 203.

## NINTH CAUSE OF ACTION
### Failure to Provide Suitable Seating (California Labor Code § 1198; California IWC Wage

**Order 4-2001)**
**(On Behalf of Plaintiff Dillon and Proposed California Class)**

133.    Plaintiff Dillon incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

134.    California Labor Code § 1198, which makes it illegal to employ a person under conditions of labor prohibited by IWC Order 4-2001, Section 14(A), which applies to employers such as Defendant, provides that "[a]ll working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats."

135.    While working as Merchandisers for Defendant, Plaintiff and other members of the California Class were not provided with suitable seats, despite the fact that their work reasonably permits the use of seats.

136.    By failing to provide plaintiff and the other Class members with seats, in violation of Wage Order 4-2001, section 14, Defendant in turn violated Cal. Lab. Code section 1198.

137.    By violating California Labor Code section 1198, and IWC Wage Order 4-2001, Defendant is also liable for reasonable attorneys' fees and costs for enforcing the public interest underpinning the aforementioned Labor Code provisions, under California Code of Civil Procedure section 1021.5.

**TENTH CAUSE OF ACTION**
**Violations of California Business & Professions Code §§ 17200 *et seq.***
**(On Behalf of Plaintiff Dillon and the Proposed California Class)**

138.    Plaintiff Dillon incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

139.    Defendant improperly, fraudulently, and unlawfully classified California Class Members as "independent contractors" and have thereby committed unlawful, unfair and/or fraudulent business acts and practices as defined by California Business & Professions Code section 17200, by engaging in the following:

(a)    Requiring California Class Members to work for periods of five or more consecutive hours without having at least one half-hour, off-duty break for meals;

(b)    Failing to properly indemnify Plaintiff Dillon and similarly situated California Class

Members for employment-related business expenses and losses;

(c)     Failing to pay Plaintiff Dillon and California Class Members their premium wages earned while working without lawful mandated meal and rest breaks;

(d)     Failing to pay overtime and minimum wage compensation to Plaintiff Dillon and similarly situated California Class Members;

(e)     Failing to provide accurate itemized wage statements to Plaintiff Dillon and similarly situated California Class Members;

(f)     Failing to maintain accurate payroll records showing the actual hours worked each day by Plaintiff Dillon and similarly situated California Class Members; and

(g)     Failing to pay all accrued overtime and minimum wage compensation, and meal and rest period compensation to Plaintiff Dillon and the California Class Members upon termination of their employment.

140.    Plaintiff Dillon lost money and property as a result of Defendant's unlawful business practices described above.

141.    Pursuant to the UCL, Plaintiff Dillon and California Class Members are entitled to restitution of money or property gained by Defendant, by means of such unlawful business practices, in amounts not yet known, but to be ascertained at trial.

142.    Pursuant to the UCL, Plaintiff Dillon and California Class Members are entitled to injunctive relief against Defendant's ongoing unlawful business practices. If an injunction does not issue enjoining Defendant from engaging in the unlawful business practices described above, Plaintiff Dillon and the general public will be irreparably injured.

143.    Plaintiff Dillon and California Class Members have no plain, speedy, and adequate remedy at law. Defendant, if not enjoined by this Court, will continue to engage in the unlawful business practices described above in violation of the UCL, in derogation of the rights of Plaintiff Dillon and Class Members and of the general public.

144.    Plaintiff's success in this action will result in the enforcement of important rights affecting the public interest by conferring a significant benefit upon the general public.

145.    Defendant's numerous violations of local and California law constitute unlawful

business actions and practices in violation of Business and Professions Code section 17200, et seq.

146.   Pursuant to Business and Professions Code section 17200, et seq., Plaintiff Dillon and the California Class Members are entitled to restitution for all unpaid business expenses, overtime, minimum wage, meal period, and rest period compensation, and interest that were withheld and retained by Defendant during a period that commences four years prior to the filing of this action and a declaration that Defendant's business practices are unfair within the meaning of the statute, in addition to an award of attorneys' fees and costs pursuant to Code of Civil Procedure section 1021.5 and other applicable law, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dillon, on behalf of herself and the Proposed Classes and Collective, request judgment and the following specific relief against Defendant as follows:

(a)   That the Court determine that this action may be maintained as a class action under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure and as a collective action under 29 U.S.C. § 216(b) of the FLSA;

(b)   That Plaintiff be designated as the representative of the FCRA Class, the Collective Class, and the California Class and Subclass, that Plaintiff receive an incentive award for serving as such a representative;

(c)   That Plaintiff and the FCRA Class be awarded statutory and punitive damages as provided by the FCRA;

(d)   That Defendant be ordered and enjoined to pay restitution to Plaintiff Dillon and the California Class due to Defendant's unlawful activities, pursuant to California state law cited above;

(e)   That Defendant be further enjoined to cease and desist from unlawful activities in violation of state laws cited above;

(f)   A declaratory judgment that Defendant has knowingly and intentionally violated the following provisions of the Labor Code and IWC Wage Order 4-2001 as to Plaintiff Dillon and Class Members:

1.   California Labor Code section 2802 by failing to indemnify Plaintiff Dillon and

California Class Members for all necessary business expenses and losses;

2. California Labor Code sections 226.7 and 512, and IWC Wage Order 4-2001 by failing to make available 30-minute, off-duty meal periods to Plaintiff Dillon and California Class Members;

3. California Labor Code section 226.7 and IWC Wage Order 4-2001 by failing to provide 10-minute, paid, duty-free rest periods to Plaintiff Dillon and California Class Members;

4. California Labor Code sections 510, 558, 1194 et seq., 1198 and IWC Wage Order 4-2001 by failing to pay overtime compensation to Plaintiff Dillon and California Class Members;

5. California Labor Code sections 223, 1194, 1197, 1197.1 and IWC Wage Order 4-2001 by failing to pay minimum wage compensation to Plaintiff Dillon and California Class Members;

6. California Labor Code sections 226, 226.3, 1174 and IWC Wage Order 4-2001, by failing to provide Plaintiff Dillon and California Class Members with itemized statements of total hours worked with each payment of wages and failing to maintain payroll records of the actual hours worked;

7. California Labor Code sections 201-204, for failure to pay overtime, minimum wage, and meal period compensation at the time of termination of employment, resulting in unpaid waiting time penalties, and to timely pay overtime and minimum wage compensation by the next pay period after which the overtime hours were worked;

8. California Labor Code section 226.8 for willfully engaging in a practice or pattern of independent contractor misclassification;

9. California Business & Professions Code sections 17200-17209, by failing to reimburse Plaintiff Dillon and California Class Members for necessary business expenses, by failing to provide off-duty meal periods and/or pay meal period compensation to Plaintiff Dillon and California Class Members, by failing to pay

COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Dillon and California Class Members overtime compensation, by failing to provide Plaintiff Dillon and California Class Members with itemized wage statements showing all hours worked, by failing to maintain payroll records that document all hours worked by Plaintiff Dillon and California Class Members, and by willfully failing to pay all compensation owed to Plaintiff Dillon and California Class Members upon termination of employment.

(g)    That Defendant's actions are found to be willful and/or in bad faith to the extent necessary under: sections 201-203 of the California Labor Code for willful failure to pay all compensation owed at the time of separation to Plaintiff Dillon and Waiting Time Penalties Subclass Members who no longer work for Defendant; and section 1174.5 for failing to maintain accurate records;

(h)    An award to Plaintiff Dillon and Class Members of damages in the amount of necessary business expenses, unpaid overtime and minimum wage compensation, liquidated damages, penalties, and meal and rest period compensation, including interest thereon, subject to proof at trial;

(i)    An award of payments due to them as waiting time penalties as to those Class Members who have left Defendant's employ, pursuant to Labor Code section 203;

(j)    That Defendant be ordered to pay restitution to Plaintiff Dillon and Class Members for amounts gained through Defendant's unlawful activities pursuant to Business and Professions Code sections 17200-05 and enjoined to cease and desist from unlawful and unfair activities in violation of California Business and Professions Code section 17200 et seq.;

(k)    An award to Plaintiff Dillon and the Class Members of reasonable attorneys' fees and costs, pursuant to California Code of Civil Procedure section 1021.5 and California Labor Code sections 226, 1194, and 2802, and/or other applicable law; and

(l)    An award to Plaintiff Dillon and Class Members of such other and further relief, in law or equity, as this Court deems appropriate and just.

**DEMAND FOR JURY TRIAL**

Plaintiff, Felicia Dillon, individually and on behalf of all others similarly situated, by and through her attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled cause.

DATED August 6, 2018

FINKELSTEIN & KRINSK LLP

By:  */s/ Trenton R. Kashima*
Trenton R. Kashima, Esq. (SBN 291405)
Jeffrey R. Krinsk, Esq. (SBN 109234)
550 West C St., Suite 1760
San Diego, CA 92101-3593
Telephone:  (619) 238-1333
Facsimile:  (619) 238-5425
trk@classactionlaw.com
jrk@classactionlaw.com

Jason T. Brown (will PHV)
Nicholas Conlon (will PHV)
JTB LAW GROUP, LLC
155 2nd Street, Suite 4
Jersey City, NJ 07302
Telephone: (201) 630-0000
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com

COLLECTIVE AND CLASS ACTION COMPLAINT