UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELICIA DILLION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BET INFORMATION SYSTEMS, INC.,<br><br>　　　　Defendant. | Case No. 18-cv-04717-JST<br><br>**ORDER TO SHOW CAUSE WHY THE CASE SHOULD NOT BE STAYED AND VACATING HEARING**<br><br>Re: ECF No. 21 |

Currently before the Court in this case is Defendant BET Information Systems, Inc.'s motion to compel arbitration. ECF No. 21. Plaintiff Felicia Dillion's complaint alleges that Defendant misclassified her and other workers as independent contractors rather than employees, and as a result, violated numerous state and federal laws, including wage-and-hour and credit reporting requirements. ECF No. 17 ¶ 1.

BET's motion to compel arbitration requests that the Court stay Dillion's derivative claims under California's Private Attorneys General Act ("PAGA") and compel her remaining claims to arbitration. ECF No. 21 at 7. In opposition, Dillion argues that her non-PAGA claims are exempted from the scope of the parties' arbitration agreement by a carve-out provision permitting a party to, among other things, "seek injunctive relief or other equitable relief" in "any court of competent jurisdiction." ECF No. 21-7 § 12.2.3. Dillion further asserts that BET's motion should be denied because BET's assertion that Dillion's claims are outside the scope of the carve-out (i.e., are arbitrable) is "wholly groundless." ECF No. 29 at 20 (quoting *Archer & White Sales, Inc. v. Henry Schein, Inc.*, 878 F.3d 488, 495 (5th Cir. 2017), *cert. granted*, 138 S. Ct. 2678 (2018)).

In *Henry Schein*, the Fifth Circuit held that, even assuming that the arbitration agreement "clearly and unmistakably delegate[d] the question of arbitrability," it did not need to submit the

question to the arbitrator because the claim of arbitrability was "wholly groundless" given the plain language of the injunctive relief carve-out provision. *Henry Schein*, 878 F.3d at 495.[1] The Supreme Court granted certiorari in *Henry Schein*, 138 S. Ct. 2678, to address the following question: "Whether the Federal Arbitration Act permits a court to decline to enforce an agreement delegating questions of arbitrability to an arbitrator if the court concludes the claim of arbitrability is 'wholly groundless.'" *See Henry Schein, Inc. v. Archer & White Sales, Inc.*, No. 17-1272 (U.S. 2017). The Court held oral argument in *Henry Schein* on October 29, 2018. *Id.*

In light of the Supreme Court's present consideration of the issue of whether to recognize a "wholly groundless" exception – and its potential application to the scope of an injunctive relief carve-out provision – the Court hereby issues this order to show cause why the above-captioned case should not be stayed, including the resolution of the pending motion to compel arbitration, until the issuance of a decision in *Henry Schein*.

Any party opposing issuance of such a stay shall file a brief of no longer than 10 pages by January 17, 2019. If no party files an opposition by that date, the Court will stay the case. If both parties file an opposition, the matter will be placed under submission unless the Court sets a hearing on the question of whether to stay the case. If only one party files an opposition, the other party will have until January 31, 2019 to file a brief in favor of staying the case, at which time the Court will take the matter under submission unless the Court sets a hearing. In any briefing, the parties should assume the Court finds resolution of this issue necessary to the resolution of BET's motion.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] The Court notes that although both parties discuss the "wholly groundless" exception, the Ninth Circuit has not yet decided whether to adopt that exception. *See Portland Gen. Elec. Co. v. Liberty Mut. Ins. Co.*, 862 F.3d 981, 986 n.3 (9th Cir. 2017), *as amended* (Aug. 28, 2017).

2

In light of the foregoing, the Court vacates the hearing on the motion to compel arbitration, currently scheduled for January 10, 2019.

**IT IS SO ORDERED.**

Dated: December 28, 2018



JON S. TIGAR
United States District Judge